IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES LAWHORN, | § | |
| | § | No. 572, 2017 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. N1503000591 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 13, 2018
Decided: September 13, 2018

Before **STRINE**; Chief Justice; **VALIHURA** and **TRAYNOR**, Justices

## O R D E R

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The defendant-appellant, James Lawhorn, appeals the Superior Court's denial of his first motion for postconviction relief. We find no merit to the appeal. Thus, we affirm the Superior Court's judgment.

(2) The record reflects that Lawhorn pled guilty in September 2015 to one count each of Sex Offender Unlawful Sexual Conduct Against a Child and Unlawful Sexual Contact in the First Degree. Because of the victim's young age, Lawhorn faced a sentencing range of twenty-five years, minimum mandatory, up to life in

prison.[1] The Superior Court sentenced him to life imprisonment, plus a term of eight years suspended for probation. We affirmed his convictions and sentence on direct appeal.[2] In June 2017, Lawhorn filed a motion for postconviction relief under Superior Court Criminal Rule 61. He also filed a motion for appointment of counsel. The Superior Court denied both motions on December 11, 2017. This appeal followed.

(3) In his opening brief on appeal, Lawhorn contends that the Superior Court erred in denying his Rule 61 motion because his trial counsel was ineffective for failing to obtain a mental health evaluation, for failing to object to the State's recitation of his prior criminal history at sentencing, and for failing to properly inform him of the sentencing range that he faced. He also contends that the Superior Court erred in denying his request for the appointment of postconviction counsel.

(4) After careful consideration, we find no merit to either claim. The Superior Court carefully considered Lawhorn's motion, his former attorney's affidavit and supplemental affidavit in response, Lawhorn's reply and supplemental reply, as well as the record of the guilty plea and sentencing proceedings. We agree with the Superior Court's conclusion that Lawhorn failed to establish either cause or prejudice to substantiate his claims that his trial counsel was ineffective.[3] The record

---

[1] 11 *Del. C.* § 4205A(a)(2).
[2] *Lawhorn v. State*, 2016 WL 6649222 (Del. Nov. 9, 2016).
[3] *Younger v. State*, 580 A.2d 552, 556 (Del. 1980).

of the guilty plea proceeding and sentencing belies Lawhorn's assertions of his attorney's ineffectiveness or of an unknowing and involuntary guilty plea. Moreover, under the standards set forth in Rule 61(e)(3),[4] we find no abuse of the Superior Court's discretion in denying Lawhorn's request for the appointment of counsel.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:
*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[4] Rule 61(e)(3) provides that, in a guilty plea case, the Superior Court may appoint counsel in postconviction proceedings only under specific circumstances that include a "substantial claim of ineffective assistance of counsel in relation to the plea." Del. Super. Ct. Crim. R. 61(e)(3)(ii).